UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DOREEN D'AUSILIO,

    Plaintiff,                                                  CASE NO. **9:14-cv-80219**

v.

SALLIE MAE, INC.,

    Defendant.

_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

    COMES NOW the Plaintiff, DOREEN D'AUSILIO ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, SALLIE MAE, INC. ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person who resides in Boynton Beach, Palm Beach County, Florida.

6. Defendant is a business entity with its principal place of business at 12061 Bluemont Way, Reston, VA 20190.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant places collection calls to Plaintiff seeking and attempting to collect on an alleged debt.

9. Defendant places collection calls to Plaintiff's cellular telephone at phone number (561) 704-06XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to, 317-348-8884, 317-348-9957, 765-283-3395, 317-348-9959, 302-283-4040, and 302-283-4041.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. On August 12, 2013, at approximately 3:50 P.M. Eastern Time, Plaintiff placed a call to Defendant at 317-348-8884 and spoke with Defendant's representative, "Rob."

13. In the course of the telephone conversation on August 12, 2013, Plaintiff requested that Defendant cease placing collection calls to her cell phone and requested that Defendant correspond in writing only.

14. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system during the telephone call on August 12, 2013.

15. Despite Plaintiff's request to cease, Defendant placed at least one hundred and fifty-five (155) automated collection calls to Plaintiff.

16. Specifically, Defendant called Plaintiff as follows:

- August 13, 2013: three (3) calls at 12:20pm, 2:05pm, 4:22pm
- August 14, 2013: six (6) calls at 8:50am, 9:57am, 11:38am, 1:21pm, 3:22pm, 5:40pm.
- August 15, 2013: four (4) calls at 10:25am, 12:39pm, 2:36pm, 4:31pm.
- August 16, 2013: five (5) calls at 11:49am, 1:57pm, 3:34pm, 5:00pm, 7:25pm.
- August 17, 2013: two (2) calls at 8:58am, 10:33am.
- August 21, 2013: five (5) calls.
- August 22, 2013: four (4) calls.
- August 23, 2013: six (6) calls.
- August 25, 2013: one (1) call.
- August 28, 2013: one (1) call at 7:28pm.
- August 29, 2013: six (6) calls at 10:18am, 11:41am, 2:14pm, 4:11pm, 7:19pm, 11:00pm.
- August 30, 2013: six (6) calls at 10:06am, 11:44am, 12:47pm, 3:16pm, 4:24pm, 6:34pm.
- August 31, 2013: six (6) calls at 8:24am, 10:17am, 11:23am, 12:56pm, 2:20pm, 3:51pm.
- September 7, 2013: one (1) call at 9:49am.
- September 9, 2013: six (6) calls at 9:00am, 12:53pm, 2:57pm, 4:31pm, 6:35pm, 8:38pm.

- September 10, 2013: four (4) calls at 12:36pm, 2:45pm, 5:36pm, 8:21pm.

- September 11, 2013: four (4) calls at 8:34am, 10:42am, 4:24pm, 6:14pm.

- September 12, 2013: three (3) calls at 12:51pm, 4:31pm, 7:40pm.

- September 13, 2013: seven (7) calls at 8:42am, 10:14am, 1:53pm, 3:44pm, 4:53pm, 5:45pm, 6:43pm.

- September 14, 2013: three (3) calls at 8:31am, 9:39am, 11:40am.

- September 16, 2013: six (6) calls at 9:37am, 12:39pm, 2:59pm, 4:37pm, 6:35pm, and 8:38pm.

- September 17, 2013: five (5) calls at 12:28pm, 1:38pm, 2:51pm, 5:27pm, 8:24pm.

- September 18, 2013: six (6) calls at 8:47am, 10:58am, 12:40pm, 1:55pm, 4:53pm, 6:51pm.

- September 19, 2013: four (4) calls at 12:48pm, 3:31pm, 4:55pm, 7:28pm.

- September 20, 2013: four (4) calls at 8:27am, 9:43am, 3:32pm, 8:31pm.

- September 23, 2013: five (5) calls at 12:11pm, 2:42pm, 4:12pm, 6:11pm, 8:18pm.

- September 24, 2013: four (4) calls at 12:21pm, 2:38pm, 5:44pm, 8:25pm.

- September 25, 2013: one (1) call at 9:06pm.

- September 26, 2013: one (1) call at 9:06pm.

- September 27, 2013: seven (7) calls at 8:36am, 10:22am, 11:53am, 1:48pm, 3:23pm, 5:21pm, 5:36pm, 7:46pm.

- September 28, 2013: three (3) calls at 8:42am, 9:55am, 11:52am.

- September 29, 2013: one (1) call at 8:30pm.

- September 30, 2013: six (6) calls at 8:26am, 10:34am, 11:30am, 12:21pm, 1:33pm, 7:35pm.

- October 2, 2013: four (4) calls at 8:43am, 10:37am, 12:53pm, 4:13pm.

- October 3, 2013: two (2) calls at 8:29am, 12:36pm.

- October 4, 2013: six (6) calls at 8:32am, 9:45am, 11:58am, 2:00pm, 3:36pm, 6:27pm.

- October 5, 2013: two (2) calls at 8:56am, 10:52am.

- October 7, 2013: five (5) calls at 8:53am, 10:00am, 12:34pm, 2:52pm, 4:30pm.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, DOREEN D'AUSILIO, respectfully requests judgment be entered against Defendant, SALLIE MAE, INC. for the following:

19. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

20. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

21. All court costs, witness fees and other fees incurred; and

22. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

                  By:  /s/ Shireen Hormozdi
                     Shireen Hormozdi
                     Krohn & Moss, Ltd
                     10474 Santa Monica Blvd., Suite 405
                     Los Angeles, CA 90025
                     Phone:  (323) 988-2400 ext. 267
                     Fax:     (866) 802-0021
                     Attorney for Plaintiff
                     FBN: 0882461

## **DEMAND FOR JURY TRIAL**

Plaintiff, DOREEN D'AUSILIO demands a jury trial in the present action.